## Indiana Mfg. Co. *v.* Hayes, Appellant.

*Sale—Evidence—Acceptance of goods.*

Where a person takes merchandise, which he claims he has not bought, out of the possession of a railroad company, and has it hauled to his own place of business, and, after having been fully informed of the shipment and consignment to him, sends a check to the sellers for other merchandise purchased of them without any reference to the goods in controversy, he is liable for the price.

Argued Feb. 6, 1893.    Appeal, No. 66, July T., 1892, by defendant, Robert L. Hayes, from judgment of C. P. Chester Co., Jan. T., 1891, No. 13, on verdict for plaintiff.    Before PAXSON, C. J., STERRETT, MCCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for goods sold and delivered.

Plaintiff's claim on the trial, before HEMPHILL, J., was for the price of sixty-four refrigerators.    Defendant claimed that he had never given the order for the refrigerators, and that it had been wrongfully sent in his name by a salesman of plaintiff.

Plaintiff introduced evidence tending to show that the refrigerators were accepted by defendant in the manner stated in the opinion of the Supreme Court.

Defendant's points were as follows:

" 1. If the jury should find that the defendant did not order the goods and did not afterward accept them with the intention of taking them to his possession as owner, or appropriating them to his own use, the verdict must be for the defendant.

" 2. Under all the evidence it is for the jury to determine whether the acceptance of the goods by the defendant was with the intention of becoming the owner of them.

"*Answer :* We say to you, gentlemen of the jury, there is no question of intention involved here to be submitted to you.    There is no disputed question of fact.    The goods were shipped to Mr. Hayes in his name, and when he took control of them by ordering the railroad company to turn them over to his agent, Mr. Cooper, the carter, the law implied an intention on his part to accept, and so far as the plaintiffs here are concerned he became the owner, and we instruct you to that effect, and must so qualify their points." [2]

Plaintiff's points were as follows:

" 1. If the defendant gave no order to the plaintiffs for the goods sued for, and made no contract with them for furnishing him with refrigerators, it was his duty, when the said goods came to him, to decline to receive them from the railroad com pany." Affirmed. [3]

" 2. If the sixty-four refrigerators were shipped to Robert L. Hayes by the plaintiffs, relying upon his order, and he re-

ceived the same from the railroad company at West Chester, thereby discharging the said railroad company from liability to the shippers, the plaintiffs, the defendant, Robert L. Hayes, is bound to pay for the same, whether he authorized the sending of the order or not." Affirmed. [4]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (2, 3, 4) instructions, quoting them.

*J. Frank E. Hause* and *Thomas S. Butler, William Butler, Jr., William S. Windle* and *R. Jones Monaghan* with them, for appellant, cited : 1 Wh. Cont., § 22, 184; Earle v. Coburn, 130 Mass. 596; Deysher v. Triebel, 64 Pa. 383; Satterlee v. Melick, 76 Pa. 65; 1 Benj. Sales, § 142; Story, Agency, § 58; Williams v. Getty, 31 Pa. 464; Scott v. Wells, 6 W. & S. 357.

*Thomas W. Pierce,* for appellee, cited: Shenk v. Phila. Steam Propeller Co., 60 Pa. 109; Benj. Sales, § 38; Cooper v. Altimus, 62 Pa. 486; Wellaner v. Fellows, 48 Wis. 105; Stephenson v. Grim, 100 Pa. 70; Hays v. Lynn, 7 W. 524; Moore's Exr. v. Patterson, 28 Pa. 505; Seiple v. Irwin, 30 Pa. 513; Hill v. Canfield, 63 Pa. 77.

PER CURIAM, February 20, 1893:

Conceding that the defendant did not order the goods in question, yet when they arrived, and he was notified that they were upon the car, it was his duty to notify the plaintiffs of the alleged mistake. Instead of doing so he took the property out of the possession of the railroad company and had it hauled to his own place of business, and after having been fully informed of the shipment and consignment to him he sent a check to the plaintiff company for other merchandise purchased of it, without any reference to the goods in controversy. The case was submitted to the jury under proper instructions.

Judgment affirmed.