## Porter Farley, Appellant, *v.* James N. Kline, doing business under the name of Kline & Co.

*Vendor and vendee—Sale—Fraudulent device to charge third party.*

Where a man sells goods to another for that other's own use and a device is made use of to make a third person responsible for the value of the goods, the mere fact that the real vendee obtains possession, by means of such device, of goods shipped to the third party is not enough to render such third person liable.

W. ordered goods from the plaintiff directing plaintiff to ship to defendant's care, alleging that he did business with defendant. This was done without defendant's knowledge or consent; on the arrival of the goods defendant gave an order on the railroad company to deliver them to W. on the statement made by W. that he had ordered the goods shipped to defendant's care. *Held*, That defendant was not liable to plaintiff for the price of the goods.

Argued Feb. 15, 1899. Appeal, No. 5, Feb. T., 1899, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1896, No. 535, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.

Assumpsit. Before METZGER, P. J.

It appears from the evidence that plaintiff brought an action to recover the price of a show case consigned to defendant by plaintiff upon the order of C. W. Wheeland. The action was founded on a book account charging defendant with $45.00 entered on April 4, 1895. It was alleged by plaintiff but denied by defendant that the latter had been notified by letter of the consignment and a bill had been mailed of the show case which defendant denied having received. On the arrival of the case the railroad company's agent notified the defendant of the consignment. The same day, after the notice, defendant gave Wheeland an order directed to the railroad company's agent requesting the agent to deliver the show case to Wheeland, Wheeland having informed defendant that he had ordered the plaintiff to ship it to the care of defendant.

Plaintiff presented, inter alia, the following points:

[1. Kline & Co., the consignees, by their order of April 8, 1895, directed to W. L. Fry, the freight agent of the Pennsyl-

vania Railroad Company, to deliver one show case from Roch-
ester, N. Y., to C. W. Wheeland, it being the show case in
question, became the receivers and acceptors of the said show
case.  *Answer :* I cannot so charge.  We refuse this point.  We
cannot see how a man could become the receiver or acceptor of
a thing which he knew nothing at all about, if it is true that he
did not.  If Mr. Kline supposed when he signed that order that
it was an accommodation simply, and that the goods were not
intended for him, and he did not know the real facts of the case,
that they were shipped in that way for the purpose of getting
security for the plaintiff, but was wholly in ignorance, and re-
lied upon the misrepresentations of C. W. Wheeland, how could
he be the receiver and acceptor of these goods ? ]  [1]

[3. Under all the evidence the verdict must be for the plain-
tiff for $45.00, with interest from April 4, 1895.  *Answer :* We
refuse to so charge you.]  [2]

The court affirmed defendant's fourth point, which point was
as follows :

[4. If the jury find that the plaintiff sold the show case to
C. W. Wheeland, and by any arrangement between them, charged
and shipped the case to the defendant without his knowledge
and consent, and that the defendant believed, or had reason to
believe, the show case. was the property of the said C. W.
Wheeland, then the giving of the order to the railroad company
to deliver the show case to C. W. Wheeland was not an exer-
cise of ownership by the defendant in said show case, and the
plaintiff cannot recover.]  [3]

The court charged the jury, inter alia, as follows :

[The question is whether, when Kline & Co..gave that order,
he had any right to suppose for a moment, or did suppose, what
the true facts in the case were.  Did he know when he gave
. that order that these goods were shipped in his care or to him,
with a view to enable Porter Farley to get the money?  Did
he know that?  If he had known that fact, then Mr. Kline
would have had a duty to perform, and that would have been
to have refused to sign the order.  But did he know that fact?
If he did not know it, then he was imposed upon, and imposed
upon by.whom?  By the very man who purchased the goods,
and whom Mr. Farley must have known purchased them for

himself.   Therefore, Porter Farley put it in the power of this man to perpetrate a wrong on Mr. Kline, and should not be helped now to take advantage of it, if Mr. Kline was in ignorance of the facts in the case when he signed that order.]  [4]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1, 2) refusal of plaintiff's first and third points, reciting same.   (3) Affirming defendant's fourth point, reciting same.   (4) To portion of the general charge, reciting same.   (5) In overruling order to show cause why a new trial should not be granted.

*Thos. A. Davies,* for appellant.—Even where goods are not ordered, but are voluntarily sent to one, his receipt of them and exercise of ownership over them constitutes an acceptance and precludes him from denying his liability for the price : 21 Am. & Eng. Ency. of Law, 561 ; Fink v. Knauss, 4 W. N. C. 356 ; Stephenson v. Grim, 100 Pa. 70 ; Wellauer v. Fellows, 48 Wis. 105.

When the consignee gave the order he assumed the risk : Pa. Railroad Co. v. Stern & Spiegel, 119 Pa. 24.

But, assume that Kline & Co. were not so informed, was it not their duty before giving such an order to inquire into the facts ?   A party must protect himself when he can by ordinary care and prudence ; and if, with full means of knowledge open to him, he does not do so, the courts of law or equity will not relieve him from the effects of his folly : 8 Am. & Eng. Ency. of Law, 643 ; Slaughter v. Gerson, 80 U. S. 379.

*James B. Krause,* for appellee.—The charge taken as a whole fairly left the questions of fact to the jury and it was sufficient: Reese v. Reese, 90 Pa. 89.

All the points of inquiry in the case were called to the attention of the jury and fairly and squarely left to them.   The court might even have given binding instructions to the jury to find for the defendant.   Defendant did not receive the show case and it never came into his possession.   The transaction was an attempt to charge the defendant as original purchaser and to hold him as receiver and acceptor.   The case is ruled by Stephenson v. Grim, 100 Pa. 70.

OPINION BY RICE, P. J., March 23, 1899 :

This case, viewed in the light of the facts established by the verdict of the jury, may be briefly stated as follows : The plaintiff, doing business in Rochester, N. Y., bargained with one Wheeland, doing business in Williamsport, to sell the latter a show case.   The plaintiff, not being satisfied as to Wheeland's financial responsibility, asked him for references.   The latter replied that he was dealing with the defendant—a fact of which there is no evidence in the case—and directed the plaintiff to ship the show case to the defendant, or in his care.   This the plaintiff did; but when the defendant, who knew nothing of the transaction, was notified by the railroad company of the arrival of the show case, he refused to accept it.   Wheeland then informed him that it belonged to him, Wheeland, and that he had ordered it shipped in his, the defendant's, name or care. Acting upon this representation, which, as far as it went, was strictly true (although it appears not to be have been the whole truth), the defendant complied with Wheeland's request and gave him a paper directed to the freight agent, authorizing him to deliver the show case to Wheeland upon his receipting for the same and paying all charges.   The show case was delivered to, and receipted for by, Wheeland, and subsequently the plaintiff brought this action, in which he declared upon a book account for merchandise sold and delivered to the defendant.

As we have shown, the show case was not sold to the defendant; but it is argued that he is liable upon the principle, that even where goods are not ordered, but are voluntarily sent to one, his receipt of them and exercise of ownership over them may constitute an acceptance which will preclude him from denying liability for the price.   See Indiana Mfg. Co. v. Hayes, 155 Pa. 160.   Here, however, the defendant did not actually receive the merchandise, and did nothing concerning it except to authorize the carrier to deliver it to Wheeland, the real purchaser.   There was no misdelivery, and we see no reason, moral, equitable or legal, why the seller should not be compelled to look to the real purchaser for the price agreed upon.   The case is in many respects like Stephenson v. Grim, 100 Pa. 70, where Justice TRUNKEY said : " But when a man sells goods to another for his own use, and they agree upon a device to make a third person pay for them, the mere fact that the buyer

obtains possession because of his employment by such person is not enough to render him liable. Charging the goods to the defendant and shipping them to his address, without his consent, was a fraudulent act, and if the jury found from the evidence that the plaintiffs knew or had reason to believe that J. W. Stephenson was buying them for himself, the defendant was not responsible, unless he actually received them." It would seem from the plaintiff's evidence that a similar device was resorted to in the present case to make the defendant surety for Wheeland. All that is needed to make it effectual is to hold, (1) that the plaintiff owed no duty to the defendant to inform him of the arrangement, and (2) that the defendant was negligent because he confided too implicitly in the representations of one of the parties to it. This we decline to do. If the letter alleged to have been sent the defendant on April 4, 1895, had been received, an entirely different aspect would have been put on the case. But that question was submitted to the jury and decided adversely to the plaintiff. We must assume, therefore, that the only knowledge which the defendant had of the arrangement between the plaintiff and Wheeland was that which he derived from what the latter told him. This was not sufficient to affect him with notice that if he delivered the show case to Wheeland or enabled him to obtain possession of it from the carrier, he would be held for the price.

We find no error in the charge or in the answers to the points. The assignments of error are overruled and the judgment is affirmed.