The Air Scale Company *v.* Nock Company, Inc., Appellant.

Argued October 7, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Paul Reilly,* for appellant.—The mere shipment of the merchandise by the plaintiff to the defendant did not create a liability on defendant to the plaintiff: Burke Electric Co. v. Pennsylvania Heat, Light & Power Co., 61 Pa. Superior Ct. 374; Cincinnati, Siemans-Lundgren Gas Illuminating Co. v. Western Siemans-Lundgren Company, 152 U. S. 200; Faull v. Company, 189 Pa. 189.

*Owen J. Wister,* and with him *Barnes, Biddle & Myers,* for appellee, cited: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Indiana Manufacturing Co. v. Hayes, 155 Pa. 160; Belfield v. The National Supply Company, 18 Pa. 189.

Opinion by Keller, J., February 28, 1930:

We think the affidavit of defense was sufficient to put the plaintiff to proof of its case. It is only in clear cases that judgment for want of a sufficient affidavit of defense will be entered. If the right to judgment is doubtful the case must go to trial.

The plaintiff is a manufacturer of air scales; the defendant, a jobber in specialties.

The action was in assumpsit for two shipments of air scales; one for three scales shipped to defendant, at Philadelphia, on December 29, 1927, and received by the latter on January 7, 1928; the other for one scale shipped on defendant's order to Linden Service Station, Bethlehem, Pa., on December 30, 1927, and received by said consignee on January 12, 1928. The orders for these scales had been sent by defendant to Larkin Automotive Parts Company, (hereinafter called Larkin Co.), on December 24, 1927, and December 1, 1927, respectively. Plaintiff's statement averred that Larkin Co. had forwarded the orders to it and had previously, on December 15, 1927, written the plaintiff ''to fill orders secured by us direct and invoice such accounts for merchandise shipped, handle all collections from said accounts and credit us with commissions.'' Plaintiff had done so, but defendant had refused to pay for the scales or return them. There was no averment in the statement that defendant had been informed of Larkin Co.'s letter prior to the shipments or had any knowledge of it, or that Larkin Co. had informed defendant that its orders would be filled by plaintiff on its own account instead of by or for Larkin Co.

The affidavit of defense, stripped of some of its redundancy, averred in effect, that on November 19, 1927, in response to an inquiry from defendant, the plaintiff had written defendant that Larkin Co. had taken over the distribution of its products and would handle such marketing on an exclusive basis all over

the United States; that all jobbers' sales would be billed by Larkin Co., as plaintiff's contract with the latter stipulated *that plaintiff was to sell to Larkin Co. direct,* who would sell and bill to jobbers; and that orders from jobbers for air scales manufactured by plaintiff should be sent to Larkin Co. who would fill them and bill the purchaser. That acting on these instructions defendant sent the orders referred to in the plaintiff's statement to Larkin Co., and that it had received the scales in fulfillment of the orders sent to Larkin Co.; that it had sent no order to plaintiff, nor purchased any scales from it; that plaintiff never notified defendant that its contract with Larkin Co. had been changed or its provisions modified, or of any changes or attempted change in its relations with Larkin Co., and defendant did not know of any such revocation or modification of said contract, or of the stipulations thereof, prior to the delivery of the goods; that Larkin Co. had never notified defendant that the shipment of the scales was not pursuant to defendant's orders to it. It denied that Larkin Co. had sent, or plaintiff had received, the letter purporting to bear date of December 15, 1927, referred to in plaintiff's statement, on the day of its alleged date, and averred that it was prepared and sent after defendant's orders had been received and shipped, in order to defeat defendant's right to set off the price of the air scales against an account for $1,100 owing defendant by Larkin Co. It averred that on receipt of plaintiff's invoice defendant had at once notified plaintiff that it had ordered the purchase of the goods from Larkin Co. pursuant to its own directions, and that the invoice should be billed in Larkin Co.'s name; and that the present claim and suit is an attempt on the part of the plaintiff to protect itself against Larkin Co.'s insolvency, after a receiver had been appointed for it, and to defeat defendant's right to set off the amount of said invoices against the account due and owing to

it by Larkin Co., which it had done and claimed the right to do.

Plaintiff having notified defendant that under its contract with Larkin Co. the latter was its exclusive distributor in the United States, and that orders should be sent to Larkin Co., who would fill and bill them to the purchaser, the defendant had a right to assume that the dealing would be on that basis until it received definite word from the plaintiff that the selling arrangement with Larkin Co. was no longer in force. See Belfield v. National Supply Co., 189 Pa. 189, 195. No such definite word was given defendant, at least, until after the scales were shipped and delivered. The fact, standing alone, that the goods were shipped direct from the manufacturer to the purchaser and were billed by it instead of by the distributor, would not be sufficient, in the light of its previous notice to the defendant, to justify the court in holding as matter of law that the defendant had knowledge of the alleged change of arrangements and knew or ought to have known that the shipment of the scales from the plaintiff was on its own account instead of for account of Larkin Co. It is common practice for a merchant or jobber to order goods from a manufacturer and have them sent direct to the purchaser, to save delay. That fact of itself does not establish any privity of contract between the manufacturer and the purchaser or make the latter the former's debtor, and certainly not when the manufacturer has shortly before notified the intending purchaser that it sells its goods, by exclusive contract, through its distributor. The plaintiff and Larkin Co. both recognized the practice in this very transaction, for at defendant's order and request the shipment to Bethlehem on December 30, 1927, was made to the Linden Service Station, not to this defendant, yet it is not contended that the Linden Service Station owes anything, or is indebted in any way, to either the plaintiff or Larkin Co. or to anyone but

the defendant, because of the shipment. In this connection, the question arises as to this shipment, how, in the absence of information given the defendant of the change of arrangements between plaintiff· and Larkin Co. far enough ahead of the shipment to permit defendant to cancel the order, could defendant return the scale delivered to Linden Service Station, if unwilling to agree to the transfer of the order; and, furthermore, the letter of December 15, 1927, from Larkin Co. to plaintiff annexed to plaintiff's statement is not as clear as it might be, and leaves some doubt as to whether the plaintiff, although billing direct, was not to fill the orders on Larkin Co.'s account, pursuant to the contract between them; for example, if the purchaser failed to pay the bill, whose was the loss, the plaintiff's or Larkin Co.'s?

This is not the case of one who receives goods which he had not ordered and keeps them; in which event he must pay their fair market value. See Indiana Mfg. Co. v. Hayes, 155 Pa. 160; Burke Electric Co. v. Penna. L. & P. Co., 61 Pa. Superior Ct. 374; and similar cases. If the facts averred in the affidavit are given their reasonable intendment and accepted as true, we have a wholly different situation. A manufacturer notifies an intending purchaser that it sells its goods exclusively through its distributor, who makes all sales on its own account; based on that notice, an order is given by the purchaser to the distributor, and a shipment is made, apparently in fulfillment thereof, from the manufacturer to the purchaser, without any previous notice or information given to the purchaser of any change in the contract or relations between the manufacturer and distributor. The distributor is indebted to the purchaser, on which account the bill for the shipment is to be credited. The distributor becomes insolvent and an attempt is made to protect the manufacturer and defeat the set-off of the purchaser by now alleging, contrary to the notice sent the latter by the former,

that the sale was made not by the distributor but by the manufacturer direct.

We are of opinion that the plaintiff's right to recover, in view of the averments in the affidavit of defense, is not sufficiently clear to justify a summary judgment.

The judgment is reversed with a procedendo.